**MERIDEN COMMUNITY ACTION
AGENCY, Plaintiff,**

v.

**Donna E. SHALALA, Secretary of the
U.S. Department of Health and
Human Services, Defendant.**

**Civ. A. No. 93–1251.**

United States District Court,
District of Columbia.

July 19, 1993.

James L. Feldesman, Edward T. Waters, Feldesman, Tucker, Leifer, Fidell & Bank, Washington, DC, for plaintiff.

J. Ramsey Johnson, U.S. Atty., John D. Bates, Daniel F. Van Horn, Asst. U.S. Attys., Washington, DC, for defendant.

### *MEMORANDUM OPINION*

SPORKIN, District Judge.

This matter is before the Court on the motion of Plaintiff, Meriden Community Action Agency ("MCAA"), for a preliminary injunction. MCAA seeks a declaratory judgment from this Court that it is the legally-designated Head Start grantee in Meriden Connecticut and an injunction directing Defendant, U.S. Department of Health and Human Services ("HHS") to continue MCAA's Head Start funding until and unless HHS affords Plaintiff the procedural protections afforded by the federal Head Start Act, 42 U.S.C. §§ 9831 *et seq.* A hearing on Plaintiff's motion was held on July 13, 1993. At the hearing, counsel for both sides agreed that there are no material issues of fact in dispute and that this matter involves a legal issue which is ripe for a decision on the merits. Accordingly, this Memorandum Opinion and Order represents the final judgment of this Court. For the reasons stated below, Plaintiff's request will be granted.

The Head Start Act provides for federal funding of Head Start agencies. To be eligible for such funding, an agency must be designated by HHS as a Head Start agency. HHS, in turn, is authorized to "designate as a Head Start agency any local public or private nonprofit agency, within a community which has the power and authority [and capacity] to carry out the purposes of" the Act. 42 U.S.C. § 9836(a). Only public and private nonprofit agencies are eligible to be so designated and to receive Head Start funds.[1]

The Head Start Act provides the designated recipient agencies with certain procedural protections:

> [F]inancial assistance under this subchapter shall not be terminated or reduced, an application for refunding shall not be denied, and a suspension of financial assistance shall not be continued for longer than 30 days, *unless the recipient has been afforded reasonable notice and opportunity for a full and fair hearing.*

42 U.S.C. § 9841(a)(3) (emphasis added). *See also* 45 CFR § 1302.5; 45 CFR Subpart C.

MCAA was established in 1965 by the City Council of Meriden Connecticut as "community action agency", charged with the administration of Meriden's community action programs, pursuant to the Federal Economic Opportunity Act of 1964. At the same time, the City Council created a Governing Board of MCAA, consisting of elected public officials, representatives of the residents served by the programs and representatives of business, labor and other community interests. *Meriden Code* §§ 6–35, 6–37.

MCAA has been the "designated Head Start agency" in Meriden from 1965 to the present. In April 1993, the Regional Director of HHS's Administration for Children and Families ("ACF") sent a letter to the Mayor of Meriden outlining ACF's belief that the program run by MCAA was dysfunctional and "one of the worst" programs in New England. ACF subsequently indicated that it would begin proceedings to terminate federal funding of Head Start in Meriden if a new agency was not chosen to run the Meriden program. On April 19, 1993, the City Council of Meriden passed a resolution providing that by July 15, 1993, the City would propose a new agency to administer the Head Start Program in Meriden.

Plaintiff seeks to halt the process set in motion by this resolution and to insure that MCAA retains its status as Meriden's Head Start grantee unless, and until, HHS follows the notice and hearing requirements provided by statute and federal regulation.

HHS contends that MCAA is an arm of the city government in Meriden and, as such, that the City is the grantee. Therefore, Defendant argues, Meriden has the ability and authority to transfer responsibility for the administration of the Head Start program to any part of the City government that it so chooses, without interference from HHS or MCAA. Under HHS's view, it is the City, not MCAA, which is the designated Head Start grantee. Were HHS attempting to cut off the City's Head Start funds, HHS would have to adhere to the due process requirements. Because HHS is not at this point threatening to terminate Head Start funding to the city, due process, Defendant argues, is not required.

The Court disagrees. While MCAA was created by the City and is a public agency, it is not an alter ego of the City, subject to the City's control for all purposes. MCAA was created as a community action agency, thereby enabling it to receive federal funds under the Economic Opportunity Act, including Head Start funds. Indeed, the City is not eligible under the federal statute and regulations to be a Head Start grantee. Thus, MCAA cannot be the arm of the City and at the same time be a Head Start grantee. While MCAA is closely linked to the City, it is an independent agency for purposes of the Head Start Act.

The City is not empowered to select Meriden's Head Start grantee. That selection is within the sole discretion of the Secretary of HHS and federal Head Start funding is not

---

**1.** HHS regulations define "Head Start Agency or grantee" as "a local public or private nonprofit agency designated to operate a Head Start program by the responsible HHS official[.]" 45 CFR § 1301.2 (1992).

channelled through the City, but is sent directly to MCAA.

In short, the Court finds that MCAA is a separate entity for purposes of the Head Start Act. Accordingly, Defendant will be enjoined from taking any action against MCAA until it complies with the Head Start Act, including the Act's due process provisions.

An appropriate Order accompanies this Opinion.

### ORDER

This matter is before the Court on the motion of Plaintiff, Meriden Community Action Agency ("MCAA"), for a preliminary injunction. A hearing on Plaintiff's motion was held on July 13, 1993. At the hearing, counsel for both sides agreed that there are no material issues of fact in dispute and that this matter involves a legal issue which is ripe for a decision on the merits. Therefore, this Order represents the final judgment of this Court.

Upon consideration of Plaintiff's motion and Defendant's opposition thereto, for the reasons stated in the foregoing Memorandum Opinion, it is hereby

ORDERED that Defendant is enjoined from taking any action against MCAA until it complies with the Head Start Act, 42 U.S.C. §§ 9831 *et seq.;* including the Act's due process provisions, and the federal regulations promulgated thereunder.